PER CURIAM.
This is an appeal from a final order denying the former husband’s petition for modification of a final judgment of dissolution of marriage. The husband sought a change in *387 the primary residential custody of one of his minor sons, child support for that son and a modification of his child support obligation. At issue is the interpretation of certain provisions of the parties’ settlement agreement, which was incorporated into the final judgment on June 29, 1994. The settlement agreement gave primary residential custody of the parties’ three minor children to the wife. The husband was obligated to pay $1304.00 per month as child support. The pertinent portions of the settlement agreement are as follows:
VI. CHILD SUPPORT. The husband shall pay child support monthly in the amount of $1304.00 per month or such other amount as required by the July 1, 1993 Child Support Guidelines. Such payment shall be made on the first day of each month and shall be deemed in default on the fifth day of the month in which such payment is due. The parties recognize that when the oldest child reaches the age of eighteen (18) on December 30, 1995, the husband’s child support obligation for that child ceases. However, the parties agree that the husband’s support obligation shall be no less than $1,304.00 per month from December 30,1995, until Brian reaches the age of eighteen (18), i.e., June 3, 1998, at which time the husband’s child support obligations shall be in accordance with the guidelines or such other amount set by the court. The parties agree that $433 per month of the $1,304.00 paid by husband to wife from December 30, 1995 until June 3, 1998, shall be treated as alimony, not child support, which alimony is non-modifiable. The husband shall not be required to pay the $433.00 in alimony for any month that the wife cohabitates (sic) with a male adult. The purpose of this provision is to ensure that through June 3, 1998, the wife receives at least $1,304 per month in support to assist her in paying household bills, the mortgage, etc., and this provision is a material provision of the agreement.
VII. LUMP SUM PAYMENT. None, except as provided above. [The husband’s share of the equity in the marital home.]
VIII. ALIMONY. Except as otherwise stated herein, the husband and wife hereby waive all claims to any alimony including permanent, rehabilitative or other alimony.
On January 31, 1997, the husband filed a Petition for Modification requesting primary residential responsibility for his son Brian. Brian had been living with the husband since December 1996.[1] The husband also sought child support from his wife for Brian and a reduction in his child support payable to the wife.
The wife responded that the $1304 monthly payment was non-modifiable under the express terms of the agreement, which guaranteed her a sum certain for “support” for a specified period of time, i.e., until June 3, 1998. The trial court agreed that the support, which was “to assist her in paying household bills, the mortgage, etc.,” was intended to continue for the stated duration regardless of a change in child custody status. Thus, the court found that the husband had waived his right to petition for a modification of support until June 3, 1998 and denied his petition. Relying upon the same reasoning, the lower court denied the husband’s request for an award of child support from the wife for their minor son Brian, who was then living with the father.
We agree with the trial court’s determination that the $1304 payment was not subject to modification under the terns of the settlement agreement. However, in light of primary residential custody of one minor child changing from the wife to the husband, we remand this case to the trial court to reconsider the wife’s obligation to pay child support to the husband. We note that a child support award could, of course, be accomplished by a reduction of the husband’s support obligation to the wife.
AFFIRMED in part; and REMANDED for Clarification.
POLEN, GROSS and TAYLOR, JJ., concur.

. The parties stipulated to the change in Brian’s primary residence.